ELLIS HARPER v. SECOND NATIONAL BANK et al.

COLLATERALS. *Duty of assignee.* Where collaterals are placed by the debtor in the hands of the creditor, any failure to take steps in the ordinary course of collection of such collateral, whereby it is lost or rendered in whole or in part ineffectual to the debtor, will charge the assignee to the extent of loss sustained. Where execution was not issued until one and a half months after expiration of stay, and during that time the money could have been made, the assignee will be responsible.

FROM WILSON.

Appeal from the Chancery Court at Lebanon. GEO. E. SEAY, Ch.

STOKES & SON for complainant.

B. J. TARVER for defendants.

FREEMAN, J., delivered the opinion of the court.

The defendant, bank, held a note on complainant and one Hancock, Harper in fact being the surety, though it did not so appear on the face of the note. Hancock became insolvent, and the note was not paid at maturity. Complainant was in condition to be compelled to pay. The bank agreed with complainant to delay collection of its note against complainant upon his assigning to the bank a judgment in his favor for $200, rendered by a justice of the peace of date April, 1878, against one Dotson, and stayed by S. F. Nix. The judgment was transferred and the parties

duly notified, so as to fix the exclusive right of the bank to collect it from the debtors. This transfer was made in May, 1878, the stay expiring on 19th of December after.

Dotson became insolvent before the stay expired, but Nix, the stayor, had purchased some time before a tract of land worth perhaps $800, and obtained a deed for it about December 30, 1878, say eleven days after the stay expired. No execution was issued on the judgment till February, 1879, a month and a half after expiration of the stay—on the 18th of January, 1879, before this, Nix assigned the land in trust to pay other debts, and the execution was returned *nulla bona*. The bank claiming to enforce its debt against complainant, he files this bill to enjoin it, on the ground that he has lost the judgment by the neglect of the bank, and is therefore released to this extent, or entitled to recoup this amount for this reason. The facts are clear beyond dispute. It is certain had the bank issued an execution when the stay expired the land would have been subject to levy and sale, and the debt secured.

We hold it was the duty of the bank to have done so, and its failure entitles complainant to the relief sought. As early as the case of *Word* v. *Morgan & Co.*, 5 Sneed, 81–2, the principle was laid down by this court in case of transfer of collaterals of this class, to-wit: notes, debts or choses in action, where the indemnity provided is only to be attained by their collection, and application of the money to the debt secured, that there was a trust involved

that imposed active duties on the assignee to so collect and apply. As said by Judge Caruthers: "The assignor in such case parts with his control over them, and the assignee should be bound to use proper exertions to render them effectual for the purpose for which they were assigned." The true principle of diligence in such cases is, that which the nature of the contract and the thing assigned demands.

The assignor has lost control over the debt, the other party has obtained it. This thing assigned involves the necessity of collection in order to effectuate the purpose for which it was assigned. This duty the assignee undertakes by the nature of the contract to perform. Any failure to take steps in the ordinary course of collection of such a collateral whereby it is lost, or rendered in whole or in part ineffectual to the debtor who assigned it, will charge the assignee to the extent of the loss thus sustained. This principle has been approved on review of the later authorities by this court in the case of *Betterton* v. *Roope*, 3 Lea, 216. The case of *Cherry* v. *Miller*, 7 Lea, 305, is not in conflict with the cases cited or principle stated, that being a case of deposit of bonds, with only a power of sale in the creditor receiving them. The contract was essentially different, therefore a different rule of action held to apply.

The decree of the chancellor dismissing the bill is reversed, and the opinion of the Referees so recommending is approved. The costs, however, will be paid by bank.